White, J.
We only deem it necessary in this case to determine the following questions :
1. Whether the plaintiffs interest in the firm, including the good-will, was sold to the defendant as an entirety ?
2. Whether the court erred in overruling the exceptions to the report of the master ?
3. Whether the petition of the defendant, which the court ordered to stand as his answer and counter-claim in this case, is available as a counter-claim ?
As to the first question. We think this must be answered in the affirmative.
By the agreement the property, including the good-will, was required to be put up, bid for and sold as “ a going concern” to the highest bidder. The party buying was to pay one-half of the price bid, to his copartner, one-third cash, and the balance in equal notes bearing six per cent, interest, payable in one and two years, secured by mortgage upon the real estate-. The defendant became the purchaser, and performed the agreement on Ms part by the payment of the cash and the execution of the notes and mortgage to the plaintiff, for one-half of the purchase-money. The plaintiff gave the defendant the exclusive possession of the concern and conveyed and transferred to him the property purchased. The consideration was entire for all that was purchased ; and there was no separation, in the contemplation of the parties, of the good-will from the other property.
The execution of the deed was not intended to vary the contract of sale. The consideration named in the deed was inserted by counsel, in order to satisfy the revenue laws in regard to stamps, and for no other purpose. It did not operate to destroy or sever the entirety of the consideration for the pur *280 chase, as fixed by the contract. The court,- therefore, erred in regarding the sum named in the deed as- an apportionment by the parties of the consideration received by the vendor; and in making it the basis from which to infer that they also agreed upon a separate value for the good-will.
As to the second question. The court erred in sustaining the report of the master. The master ruled that the measure of damages was the actual amoimi of improper soUoitation of customers of the old house, and not the loss of business caused by such solicitation. Hence, he excluded all testimony offered to prove the extent of the loss of business from that cause. Upon the theory adopted by the master ineffectual solicitation was as injurious and as much the basis of recovery as that which was effectual; and consequently that the damages would be the same where there had been improper solicitation and no change in the business, as it would be where the business had been destroyed. The damages should be measured by the injury sustained, and not by the ineffectual attempts to injure.
As to the third question. The pleading ordered by the court to stand as an answer and counter-claim, was not, originally, intended as a counter-claim. It was drawn as a petition in another action, and was founded upon the alleged right to have a cancellation of the notes to the extent of $35,000. In our view no such right existed; but if it had it might have been asserted by way of counter-claim in the action brought to foreclose the mortgage. The counter-claim to which the defendant was entitled was one for damages only. There was no failure of consideration, in the proper sense of the term, which could be available as a mere defense. The defendant’s claim for damages might have been enforced in an independent action; or he might assert it by way of counterclaim in the action brought against him. The claim was founded on the contract in part performance of which the mortgage was given, and was thus connected with the subject -of the action. But in whichever form of proceeding the claim is sought to be'enforced the measure' of damages would *281 he tlie same; nor would the defendant’s measure of redress have been varied if the consideration for the purchase had been fully paid.
Time, the pleading does not state any specific sum as the' ■damages sustained. It does state the facts constituting a cause •of action for which damages are recoverable, and asks that the notes be satisfied and canceled to a specified extent, and “ for .all other proper relief in the premises to which the court may find” the party entitled. .After issue and trial, we do not think the informalities in the pleading as a counter-claim constitute grounds for reversal.
The difficulty arose from the improper consolidation of the .actions, and making the petition in one the substitute for a counter-claim in the other. The provision, of the code in regard to the consolidation of actions applies only where they .are prosecuted on behalf of the same plaintiff.
We see no objection to the account being taken before a master, if the court so orders. The action was an equitable •one, brought solely to foreclose a mortgage.
The defendant, under the code, was authorized to set up in his answer a counter-claim, whether it was of a legal or an •equitable nature. By setting it up in an equitable action, it became the subject of equitable jurisdiction. And it is a principle of equity that when the jurisdiction of the court attaches, it is authorized to go on-and do complete justice between the parties, although in accomplishing this result it may decree on matters cognizable at law. Buckner v. Meer, 26 Ohio St. 517.
Judgment reversed, a/nd cemse remcmded for.further proceedings.